**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Rebekah Coty, | ) | No. 05-CV-2720-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| City of Peoria, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

The court has before it Defendant City of Peoria's ("Peoria") Motion to Dismiss (doc. 5), Plaintiff's Response (doc. 9), Plaintiff's Amended Response (doc. 12), Peoria's Reply (doc. 13), and Plaintiff's Response to Peoria's Reply (doc. 18); Defendant City of Phoenix's ("Phoenix") Motion to Dismiss (doc. 6) and Plaintiff's Response (doc. 8); Peoria's Motion for an Extension of Time (doc. 10); Plaintiff's Motion to Amend the Complaint (doc. 11) and Peoria's Response (doc. 16); and Plaintiff's Motion for an Extension of Time (doc. 15) and Peoria's Response or alternatively, Motion to Strike (doc. 17).  The court also has before it Peoria's Motions to Strike (docs. 14, 19, 23); Phoenix's Motion to Strike (doc. 20) and Amended Motion to Strike (doc. 21); and Plaintiff's Motions to Strike (docs. 22, 24, 25) and Peoria's Response (doc. 26).

1

**I.**

2       Plaintiff filed this action pro se.  The procedural rules are complex, and can be

3   daunting without the aid of a lawyer.  We understand that affordable counsel is often difficult

4   to obtain, and unfortunately, because this is a civil action, we are unable to appoint counsel

5   for plaintiff.  However, plaintiff is strongly encouraged to obtain counsel, and may choose

6   to contact the Lawyer Referral Service of the Maricopa County Bar Association at (602) 257-

7   4434.

8       Plaintiff alleges that Officer M. Kess of the Peoria Police Department illegally entered

9   plaintiff's property, and illegally seized plaintiff's tractor.  Plaintiff further alleges that the

10  officer acted upon an incorrect Phoenix police report, which Phoenix failed to correct after

11  plaintiff informed it of its error.  Plaintiff appears to raise a state law tort claim.  Moreover,

12  although plaintiff did not intend to raise a constitutional claim upon filing, it appears that she

13  now raises a 42 U.S.C. § 1983[1] claim alleging a violation of her Fourth Amendment rights.[2]

14  Response to Peoria's Motion to Dismiss at 6.

15      Plaintiff filed her complaint in the Superior Court of Arizona in Maricopa County, and

16  defendants  removed to federal court pursuant to 28 U.S.C. § 1441.  Notice of Removal (doc.

17  1).  We have jurisdiction over the federal claim pursuant to 28 U.S.C. § 1331, and over the

18  state claim pursuant to 28 U.S.C. § 1367.

19

20  ─────────────

21      [1] 42 U.S.C. § 1983 provides in relevant part that:

22      Every person who, under color of any statute, ordinance, regulation, custom, or
        usage, of any State . . . , subjects, or causes to be subjected, any citizen of the
23      United States or other person within the jurisdiction thereof to the deprivation
        of any rights, privileges, or immunities secured by the Constitution [of the
24      United States] and laws, shall be liable to the party injured in an action at law,
25      suit in equity, or other proper proceeding for redress . . . .

26      [2] The Fourth Amendment to the United States Constitution provides that:

27
        The right of the people to be secure in their persons, houses, papers, and effects,
28      against unreasonable searches and seizures, shall not be violated . . . .

1    The complaint plaintiff filed in state court, <u>Notice of Removal, Attachment 1</u>
2 <u>(Complaint)</u> (doc. 1), becomes the complaint here.  Plaintiff subsequently filed a document
3 titled "Complaint" (doc. 7).  This "Complaint" is actually a response to Peoria's and Phoenix's
4 motions to dismiss and is largely identical to plaintiff's response to Peoria's motion to
5 dismiss.  Accordingly, we disregard plaintiff's "Complaint" (doc. 7), and for clarity, all future
6 references to the complaint refer to the document attached to the Notice of Removal.

7    Plaintiff moves to amend the complaint to add Officer M. Kess as a defendant (doc.
8 11).  Defendants have not yet filed an answer to the complaint, and accordingly, plaintiff is
9 entitled to amend the complaint once without leave of the court.  Fed. R. Civ. P. 15(a).
10 Accordingly, plaintiff's motion to amend the complaint is denied as moot (doc. 11).  If
11 plaintiff does file an amended complaint naming Officer M. Kess as a defendant, she must
12 comply with Rule 8 of the Federal Rules of Civil Procedure, and she must serve defendant
13 Kess in accordance with Rule 4 of the Federal Rules of Civil Procedure.  The Federal Rules
14 of Civil Procedure and the Local Rules of Civil Procedure are available through the website
15 of the United States District Court for the District of Arizona, www.azd.uscourts.gov.

16    Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Peoria moves to strike
17 four of plaintiff's briefings as untimely, repetitive, and irrelevant (docs. 14, 17, 19, 23).
18 Pursuant to the same rule and for mostly the same reasons, Phoenix moves to strike one
19 briefing (docs. 20, 21), and plaintiff moves to strike three briefings (docs. 22, 24, 25).  Rule
20 12(f) provides that "the court may order stricken from any pleading any insufficient defense
21 or any redundant, immaterial, impertinent, or scandalous matter."  Each of the motions before
22 us refers to a motion, response, reply, or other briefing, but not to a pleading, and
23 accordingly, lies outside the scope of the rule.  <u>See</u> 2 James Wm. Moore et al., <u>Moore's</u>
24 <u>Federal Practice</u> § 12.37[2].  Therefore, each motion to strike is denied (docs. 14, 17, 19, 20,
25 21, 22, 23, 24, 25).

26    However, plaintiff is instructed that upon filing a motion, the opposing parties may
27 file a responsive memorandum, and the moving party may file a reply memorandum to the
28 response.  LRCiv 7.2(c), (d).  Parties are prohibited from filing a responsive memorandum

to a reply memorandum, or any other memorandum not provided for in the rules.  We disregard any arguments or evidence that has been presented to us in violation of this rule.

Due to scheduling conflicts, Peoria moves for a five-day extension of time to file its reply in support of its motion to dismiss (doc. 10).  This motion is unopposed, and Peoria has since filed its reply.  Peoria's request is reasonable, and accordingly, we grant its motion for an extension of time (doc. 10).

Plaintiff moves for an extension of time to file a response to Peoria's motion to dismiss (doc. 15).  At the time of filing her motion, plaintiff had already filed a response (doc. 9).  Presumably, plaintiff refers to a response to defendant's reply, which she ultimately filed, and which is impermissible.  Accordingly, plaintiff's motion for an extension of time is denied (doc. 15).

**II.**

Peoria and Phoenix move to dismiss plaintiff's state law claim for the failure to state a claim upon which relief can be granted.  Peoria's Motion to Dismiss at 2-3; Phoenix's Motion to Dismiss at 3-4.  Defendants argue that the state claim is barred by A.R.S. § 12-821.01, which provides in relevant part that:

> Persons who have claims against a public entity . . . shall file claims with the person or persons authorized to accept service for the public entity . . . as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues.  The claim shall contain facts sufficient to permit the public entity . . . to understand the basis upon which liability is claimed.  The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount.  Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

Plaintiff argues that she complied with this provision because she orally complained to both Phoenix and Peoria that her tractor had been illegally taken from her by Officer Kess, and because she demanded its return or $6,000 in compensation.  Response to Peoria's Motion to Dismiss at 2-4.  To the extent that such oral notice is sufficient under A.R.S. § 12-821.01, plaintiff's claim is still barred because she does not allege that she directed her claims to the "chief executive officer, the secretary, clerk, or recording officer" of the respective cities, who are the "persons authorized

- 4 -

1    to accept service for the [cities] . . . as set forth in the Arizona rules of civil

2    procedure." Ariz. R. Civ. P. 4.1(i); A.R.S. § 12-821.01; <u>Young v. City of Scottsdale</u>,

3    193 Ariz. 110, 114, 970 P.2d 942, 946 (Ct. App. 1998).  Moreover, even if the cities

4    had actual notice of the claim, compliance with A.R.S. § 12-821.01 is still required.

5    <u>Martineau v. Maricopa County</u>, 207 Ariz. 332, 335, 86 P.3d 912, 915 (Ct. App. 2004);

6    <u>Blauvelt v. County of Maricopa</u>, 160 Ariz. 77, 80, 770 P.2d 381, 384 (Ct. App. 1988).

7    Accordingly, Peoria's and Phoenix's motions to dismiss plaintiff's state law claims are

8    granted (docs. 5 and 6).[3]

9                                              **III.**

10       Phoenix moves to dismiss all claims against it, arguing that plaintiff failed to

11   assert any cognizable causes of action.  <u>Phoenix's Motion to Dismiss</u> at 2-3.  Plaintiff

12   alleges that Phoenix issued the police report for the stolen tractor, <u>Notice of Removal,</u>

13   <u>Attachment 1 (Complaint)</u> at 3-4, failed to recognize that the serial number of the

14   impounded tractor did not match the serial number on the police report, <u>Response to</u>

15   <u>Phoenix's Motion to Dismiss</u> at 2, and failed to rectify the situation after plaintiff

16   alerted the city of the problem, <u>Id</u>. at 3.

17       A pro se plaintiff is "entitled to great leeway when the court construes h[er]

18   pleadings."  <u>Brazil v. United States Dep't of the Navy</u>, 66 F.3d 193, 199 (9th Cir.

19   1995).  Accordingly, we conclude that plaintiff's allegations, if properly pleaded,

20   might form the basis for a tort claim against Phoenix.  However, that claim still fails

21   for violating A.R.S. § 12-821.01.  To the extent that plaintiff intends to raise a

22   constitutional claim against Phoenix, that claim is far more obscure, and the

23   allegations are insufficient to state a claim upon which relief can be granted.

24   _____

25       [3] In an untimely motion that does not conform with the requirements of either the
     Local Rules of Civil Procedure or the Federal Rules of Civil Procedure, plaintiff asserts that
26   she complied with A.R.S. § 12-821.01 because she gave Peoria written notice of her
     complaint (doc. 25).  Even if we were to consider that assertion, it would not change the
27   outcome because plaintiff does not assert that she filed her notice with one of Peoria's
28   representatives authorized to receive service of process.

1  Accordingly, Phoenix's motion to dismiss plaintiff's federal claim directed against it
2  is granted (doc. 6).

3  **IV.**

4      Peoria moves to dismiss plaintiff's constitutional claim, arguing that relief
5  cannot be granted upon it because a city cannot be held liable for the constitutional
6  torts committed by its employees. <u>Peoria's Motion to Dismiss</u> at 2. We agree. The
7  doctrine of respondeat superior is inapplicable to section 1983 claims against cities.[4]
8  <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658, 694-95, 98 S. Ct. 2018, 2037-38
9  (1978). However, a city may be liable under section 1983 "when [the] execution of
10  [the] government's policy or custom, whether made by its lawmakers or by those
11  whose edicts or acts may fairly be said to represent official policy, inflicts the injury."
12  <u>Id</u>. Plaintiff, however, does not allege that Peoria has a custom or policy of
13  committing illegal searches and seizures. Plaintiff only alleges that the city will never
14  admit any wrongdoing, <u>Notice of Removal, Attachment 1 (Complaint)</u> at 5, and that
15  the city refused to control the actions of its officers and failed to "assert justice,"
16  <u>Response to Peoria's Motion to Dismiss</u> at 1. Accordingly, Peoria's motion to dismiss
17  plaintiff's federal claim directed against it is granted (doc. 5).

18  **V.**

19      **IT IS ORDERED GRANTING** defendant City of Peoria's Motion to Dismiss
20  (doc. 5).

21      **IT IS FURTHER ORDERED GRANTING** defendant City of Phoenix's
22  Motion to Dismiss (doc. 6).

23      **IT IS FURTHER ORDERED GRANTING** defendant City of Peoria's
24  Motion for an Extension of Time (doc. 10)

25

26

---

27      [4] Respondeat superior liability is the "doctrine holding an employer or principal liable
for the employee's or agent's wrongful acts committed within the scope of the employment
28  or agency." <u>Black's Law Dictionary</u> 1313 (7th ed. 1999).

- 6 -

1    **IT IS FURTHER ORDERED DENYING** as moot plaintiff's Motion to
2    Amend the Complaint (doc. 11).

3    **IT IS FURTHER ORDERED DENYING** defendant City of Peoria's Motions
4    to Strike (docs. 14, 17, 19, 23).

5    **IT IS FURTHER ORDERED DENYING** defendant City of Phoenix's
6    Motions to Strike (docs. 20, 21).

7    **IT IS FURTHER ORDERED DENYING** plaintiff's Motions to Strike (docs.
8    22, 24, 25).

9    **IT IS FURTHER ORDERED DENYING** plaintiff's Motion for an Extension
10   of Time (doc. 15).

11   Plaintiff expressed her intention to amend the complaint to add Officer M.
12   Kess as a defendant.  Plaintiff shall file any amended complaint within 30 days of the
13   docketing of this order to avoid entry of final judgment on her complaint.

14

15   DATED this 18th day of January, 2006.

16

17

18   _Frederick J. Martone_
19   Frederick J. Martone
     United States District Judge

20

21

22

23

24

25

26

27

28